IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 2:13-CV-14129-DLG

OWEN HARTY,

        Plaintiff,

v.

GATOR APPLE, LLC d/b/a
APPLEBEES NEIGHBORHOOD
GRILL & BAR # 4083,

        Defendant.

_____/

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**AND INCORPORATED MEMORANDUM OF LAW**

      COMES NOW, Defendant, GATOR APPLE, LLC, by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56(b) and United States District Court for the Southern District of Florida Local Rule 56.1, moves this Court for entry of an Order granting summary judgment in favor of Defendant on Plaintiff's Complaint, and, in support thereof, states as follow:

**INTRODUCTION**

      The above-captioned action involves a claim for injunctive relief and attorney's fees and costs for alleged violations of the Americans with Disabilities Act (ADA), 42 U.S.C. 12182. Specifically, Plaintiff, who claims to be disabled, alleges that certain elements of the Applebee's Neighborhood Grill & Bar (store number 4083) (hereinafter "the restaurant" or "the Applebee's restaurant") located at 4898 Okeechobee Road, Fort Pierce, Florida are not ADA compliant. *See,* Complt. ¶¶ 1, 2, 10. Plaintiff claims that he desires to visit the restaurant to avail himself of the

goods and services available at the property. *Id.* at ¶ 7. Accordingly, Plaintiff seeks a determination that the restaurant is in violation of the ADA, and an order requiring that modifications be made to the restaurant to ensure that it is readily accessible to and usable by individuals with disabilities. *Id.*, *generally*.

As discussed more fully below, Plaintiff's claim fails as a matter of law because Defendant Gator Apple, LLC does not own, lease, or operate the subject Applebee's Neighborhood Grill & Bar at issue in this lawsuit. Similarly, Defendant does not control modification of the restaurant to improve accessibility to the disabled or to cause the restaurant to comply with the ADA. As such, Gator Apple, LLC is entitled to judgment in its favor as a matter of law, and its Motion for Summary Judgment should be granted.

## SUMMARY OF THE ARGUMENT

Summary judgment should be entered in Defendant's favor because Plaintiff's claim fails as a matter of law due to Defendant's lack of ownership, operation, and control of the restaurant at issue in the case at bar.

## LEGAL STANDARD GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Posely v. Eckerd Corporation*, 433 F. Supp. 2d 1287, 1298 (quoting Fed. R. Civ. P. 56(c)). However, Rule 56(c) does not require that the moving party negate the opponent's claim. *Fitzpatrick*

2

CASE NO.: 2:13-CV-14129-DLG

*v. Catholic Bishop of Chicago,* 916 F. 2d 1254 (7th Cir. 1990). "By its very terms, [the Rule 56] standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id.* Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Posely*, 433 F. Supp. 2d at 1298. Summary judgment is proper against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Id*. Applying the standard for summary judgment set forth above, summary judgment should be granted in favor of Gator Apple, LLC in this matter.

## **MEMORANDUM OF LAW**

A plaintiff can bring a cause of action for violation of the ADA, 42 U.S.C. 12181 *et seq.* only against a private entity that owns, leases, or operates a place of public accommodation. Specifically, the Americans with Disabilities Act (ADA) provides that "[n]o individual shall be

3

CASE NO.: 2:13-CV-14129-DLG

discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person [or private entity] who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §12182. *See also,* 28 C.F.R. § 36.201. In this regard, courts have instructed that in order to establish a prima facie case of discrimination under Title III of the ADA, a plaintiff must prove that the defendant owns, leases, or operates a place of public accommodation. *Petrano v. Nationwide Mutual Fire Ins. Co.*, 2013 WL 1325045 (N.D. Fla. 2013); *Clement v. Satterfield,* 927 F. Supp. 2d 297 (W.D. Va. 2013); *Shultz v. Hemet Youth Pony League, Inc.,* 943 F. Supp. 1222 (C.D. Cal. 1996). By contrast, entities that do not own, lease, or operate restaurants, and, therefore, are not responsible for removing alleged barriers, cannot be held liable under the ADA and are entitled to summary judgment in their favor. *Pona v. Cecil Whittaker's, Inc.*, 155 F. 3d 1034, 1036 (8th Cir. 1998); *Neff v. American Dairy Queen Corp.*, 58 F. 3d 1063 (5th Cir. 1995); *Adiutori v. Sky Harbor Intern. Airport,* 880 F. Supp. 696 (D. Ariz. 1995) (holding that the defendant was entitled to judgment in its favor where the entity had a city permit to conduct business at the airport but where it did not own, lease or operate a place of public accommodation); *Petrano v. Old Republic Nat. Title Ins. Co.* 2012 WL 2192258 *7 n. 6 (N.D. Fla. 2012). The relevant inquiry is whether the defendant entity controls modification of the restaurant to improve its accessibility to the disabled or to cause it to comply with the ADA. *Neff v. American Dairy Queen Corp.*, 58 F. 3d 1063, 1067 (5th Cir. 1995); *Cortez v. National Basketball Association,* 960 F. Supp. 113, 115 (W.D. Tex 1997). In line therewith, to establish a claim under Title III of the ADA, it must be likely that

CASE NO.: 2:13-CV-14129-DLG

the injury will be redressed by a favorable ruling against the defendant, and the plaintiff must suffer future disability discrimination by the defendant without such ruling. *Shotz v. Cates,* 256 F. 3d 1077, 1081 (11th Cir.2001).

Defendant Gator Apple, LLC does not own, lease, lease to, or operate the Applebee's Neighborhood Grill & Bar located at 4898 Okeechobee Road, Fort Pierce, Florida. *See,* Statement of Material Facts ¶ 1.[1] More specifically, and in line therewith, Defendant does not control modification of the subject Applebee's restaurant to improve its accessibility to the disabled or to cause it to comply with the ADA. *Id.* at ¶ 2. Defendant lacks the power, right, and authority to effectuate or implement any potential remedial construction and/or repairs to the subject property, such as the removal of any alleged barriers. *Id.* All such power, right, and authority to effectuate and implement any potential remedial construction and/or repairs to the subject property belongs to the owner/operator of the restaurant, Doherty Apple Florida, LLC and/or its subsidiary Doherty Florida Port St. Lucie, LLC. *Id.* Defendant possesses no ownership, management, leasing, or maintenance authority over the restaurant or any other area of the real property located at 4898 Okeechobee Road, Fort Pierce, Florida that would allow it to effectuate or implement any potential remedial

---

[1] Defendant previously sold the subject Applebee's restaurant to Doherty Apple Florida, LLC and/or its subsidiary Doherty Florida Port St. Lucie, LLC, another Applebee's franchisee, which is the owner and operator of the restaurant. *See,* Statement of Material Facts ¶ 1. Plaintiff concedes that the Florida Department of Business and Professional Regulation's website indicates the consummation of the transaction. *Id.* Additionally, Defendant does not own, lease, or operate any other area of the real property located at 4898 Okeechobee Road, Fort Pierce, Florida. *Id.* Same is further evidenced by the St. Lucie County, Florida Property Appraiser records listing GE Capital Franchise Finance as the record owner of the property, and the Mortgage Modification and Assignment of Leasehold Mortgage and corresponding Memorandum of Lease Assignment and Assumption Agreement, by which Gator Apple LLC assigned all of its rights, title, and interests in and to the lease with GE Capital Franchise Finance for the use and occupancy of the subject premises to Doherty Florida Port St. Lucie, LLC. *Id.*

CASE NO.: 2:13-CV-14129-DLG

construction and/or repairs to the property sought by Plaintiff in his Complaint. *Id.* at ¶ 3. By contrast, such ownership and authority lies with the restaurant owner, namely, that which would upon judgment be compelled to effectuate modifications, alterations, or repairs to the restaurant. As a result, the alleged injury will not be redressed by a favorable ruling against Gator Apple. To be sure, any judgment entered against Gator Apple, a party without the authority or right to effectuate or implement any potential remedial construction and/or repairs to the property at issue, would not effectuate the desired outcome or purpose of the ADA. In this regard, Plaintiff previously conceded that assuming that it were to be established that Gator Apple lacked interest in the subject property, this Court would not be able to enter an effective decree based on the fact that the sole relief available under the ADA is an injunction. *Id.* at ¶ 4. Finally, the entrance of summary judgment on Plaintiff's Complaint would not inhibit the Plaintiff's ability to bring a subsequent action against the restaurant owner seeking the full relief afforded under the ADA. It follows from the above that Gator Apple cannot be held liable pursuant to the ADA, and is entitled to an order granting summary judgment in its favor.

## **CONCLUSION**

In conclusion, Plaintiff cannot establish a prima facie case of discrimination under Title III of the ADA because Defendant does not own, lease, lease to, operate, or control the Applebee's restaurant that forms the basis of the subject lawsuit. Accordingly, in applying the relevant law to the undisputed material facts, Defendant cannot be found to be liable, and summary judgment should be entered in its favor.

CASE NO.: 2:13-CV-14129-DLG

WHEREFORE, and for the reasons detailed above, Defendant, Gator Apple, LLC, respectfully requests that this Honorable Court enter an Order granting its Motion for Summary Judgment, and for whatever further relief this Court deems equitable and proper.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendant
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
Telephone: (561) 383-9200
Facsimile:  (561) 683-8977

By:     /s/Nicole M. Wall
       NICOLE M. WALL
       FBN: 017430
       E-Mail:  Nicole.Wall@csklegal.com

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 4th day of November, 2013, we electronically filed the foregoing document with the Clerk of Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:     /s/Nicole M. Wall
       NICOLE M. WALL
       FBN: 017430
       E-Mail:  Nicole.Wall@csklegal.com

**SERVICE LIST**
Philip Cullen, III, Esq.
Thomas B. Bacon, P.A.
621 South Federal Highway
Suite 4
Ft. Lauderdale, FL 33301
Attorneys for Plaintiff
Cullen@thomasbaconlaw.com
*Via CM/ECF*

l:\0931-0155-00\p\motion\d's msj.doc